FILED

OCT 1 - 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ___ DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| SONYA MITCHELL, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: A07CA 824SS |
| DAVOL INC., a subsidiary of C. R. BARD, INC. | ) | Jury Demand |
| Defendants. | ) | |

**DEFENDANT DAVOL INC.'s , SUBSIDIARY OF C.R. BARD, INC., NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. ("Davol"), a subsidiary of C.R. Bard, Inc. ("Bard"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby removes the above-captioned action from the 250th Judicial District Court in and for Travis County, Texas, to this Court. In support of removal, Defendant states as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

1. Plaintiff commenced this action with her Original Petition ("Complaint") filed in the 250th Judicial District Court in and for Travis County, Texas, on or about August 24, 2007. Davol was served on September 21, 2007.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Davol (including Plaintiff's Complaint) is attached hereto as Exhibit A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the 250th Judicial District Court in and for Travis County, Texas, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 124(d)(1).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Davol, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Defendant is filing a written notice of this removal with the clerk of the 250th Judicial District Court in and for Travis County, Texas, where Plaintiff's Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied.

7. Although Defendant denies Plaintiff's claims, and although Plaintiff seeks unspecified damages "including pre-judgment and post-judgment interest, that she recovers her costs, that she have such other and further relief, at law or in equity, to which she may show herself justly entitled" (Compl. "Prayer"), Defendant believes in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has

been met. Plaintiff's claims sound in product liability and seek recovery for personal injuries allegedly caused by a defective medical device, the Composix® Kugel® hernia repair patch, that was manufactured and sold by Davol and used in conjunction with Plaintiff's hernia repair. (*See* Compl. § II.) Plaintiff alleges that due to its allegedly defective manufacture the Composix® Kugel® hernia patch failed, causing "very severe abdominal pain" and requiring a follow up surgery to remove the patch. (*Id.*) Further, plaintiff alleges that the hernia patch was "defectively manufactured and proximately caused plaintiff's personal injuries and damages." (*Id.*)

8. The amount-in-controversy requirement is easily met here because the types of injuries alleged in Plaintiff's Complaint, in combination with Plaintiff seeking to recover all costs, including medical costs, make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). In fact, a number of other plaintiffs have brought similar product liability actions against Davol and Bard in federal court, thus specifically pleading an amount-in-controversy in excess of $75,000. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (looking to other suits involving the same product to resolve amount-in-controversy inquiry); *and see*, *e.g.*, *Cavazos v. C.R. Bard, Inc. and Davol Inc.*, No. 07-CV-1394 (S.D. Tex. filed Apr. 24, 2007) (Ex. B); *Montgomery v. Davol Inc. and C.R. Bard, Inc.*, No. 3:07-CV-176 (N.D. Fla. filed Apr. 20, 2007) (Ex. C). Furthermore, federal courts in analogous cases have held that the amount-in-controversy threshold is met even though the plaintiff has not expressly pled an amount in controversy because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 296.

**B. The Parties Joined In This Action Are Completely Diverse.**

9. On information and belief, Plaintiff is a resident and citizen of Austin, Travis County, Texas. (*See* Compl. § I).

10. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

WHEREFORE, Defendant Davol Inc. respectfully removes this action from the 250th Judicial District Court in and for Travis County, Texas, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendant respectfully requests an opportunity to provide briefing and oral argument.

Dated: September 28, 2007

Respectfully submitted,

HARRISON, BETTIS, STAFF, MCFARLAND &
WEEMS, L.L.P

D. Mitchell McFarland

D. Mitchell McFarland
Attorney-In-Charge
State Bar No. 13597700
S.D. Tex. Bar No. 2379
One Allen Center
500 Dallas, Suite 2600
Houston, Texas 77002
Phone: (713) 843-7900
Fax: (713) 843-7901
mitch.mcfarland@harrisonbettis.com

**ATTORNEYS FOR DEFENDANT DAVOL INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 28th day of September, 2007, a true and correct copy of the foregoing Notice of Removal was served upon the following counsel of record in the manner indicated below:

Daniel W. Andrews
707 W. 34th Street
Austin, TX 78705
*Certified Mail (Return Receipt Requested)*

BY: D. Mitchell McFarland
D. Mitchell McFarland